THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
NATHANIEL BOATWRIGHT, Appellant.

Fourth Department, April 1, 1965.

*Wesley A. Gifford* for appellant.

*M. Maurice Chacchia, District Attorney,* for respondent.

*Per Curiam.* Defendant has been convicted of burglary and grand larceny for breaking into a restaurant in the early hours of November 5, 1961 and stealing money and other property therefrom.

Appellant and one Elliott occupied an apartment in a building that adjoined the restaurant. Shortly before 8 o'clock in the morning it was discovered that the restaurant had been burglarized. Peace officers were summoned, who questioned Elliott. It may fairly be inferred that thereafter attention focused upon defendant and " the process shift[ed] from investigatory to accusatory " (*Escobedo* v. *Illinois,* 378 U. S. 478, 492).

A group of peace officers promptly descended upon another nearby restaurant where with no preliminary questioning defendant was arrested, slapped and handcuffed. He was returned to the site of the burglary and questioned. Appellant orally admitted his commission of the crime. Shortly thereafter he was arraigned before a Police Justice on an information charging burglary and grand larceny. He waived examination and was ordered held for Grand Jury action.

Appellant was then taken to the Sheriff's office where a written statement was taken, signed by defendant, and sworn to before

a notary public. Therein he admitted the burglary and larceny and of telling Elliott of his plan to do so. This statement was received in evidence at the trial over the vigorous objection of defense counsel. It is now settled in this State " that an inculpatory statement made by a defendant after his arraignment or indictment, in the absence of counsel, may not be used against him on a subsequent trial." (*People* v. *Stanley*, 15 N Y 2d 30, 32.) (See, also, *People* v. *Meyer*, 11 N Y 2d 162; *People* v. *Santmyer*, 20 A D 2d 960.)

There were, as heretofore stated, oral admissions made by defendant prior to arraignment in the presence of peace officers and members of the public. The surrounding facts were not explored to any great extent on the trial. Upon the retrial the admissibility of these oral admissions must be passed upon in the light of *People* v. *Gunner* (15 N Y 2d 226) and cases therein discussed.

Although we do not base reversal upon that ground, we condemn the remarks of the District Attorney made at the time of sentencing wherein, in substance, the court was told that the defendant by standing trial had shown " an improper attitude ". Thereafter the prosecutor urged the court to consider such fact in imposing sentence. The defendant was exercising a constitutional right in demanding a trial, and it was highly improper to suggest that he be penalized for so doing.

The judgment should be reversed on the law and a new trial ordered.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Judgment unanimously reversed on the law and a new trial granted.